UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>LEROY COMBS,<br><br>　　　　　　Defendant.<br>_____/ | CASE NO. 1:12-cv-00052-AWI-SMS<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING THE GRANT OF THE GOVERNMENT'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT LEROY COMBS**<br><br>(Doc. 15) |

　　　Plaintiff United States of America ("Government") moves for Entry of Default Judgment against Defendant Leroy Combs. This Court has reviewed the papers and has determined that this matter is suitable for decision without oral argument pursuant to Local Rule 78-230(h). Having considered all written materials submitted, the undersigned recommends that the Government's motion be granted.

I.　**Procedural and Factual Background**

　　　On October 3, 2001, the United States Tax Court entered judgment against Leroy and Shirley Combs, denying the taxpayers' challenge to an assessment and associated interest and penalties for the 1994 tax year. The Tax Court added a $25,000.00 penalty for Defendant's failure to cooperate in the litigation and persistent advancement of frivolous arguments.

　　　On January 1, 2012, the United States filed a complaint seeking to reduce to judgment the federal assessments against Defendant. Following numerous unsuccessful attempts to personally serve Defendant, the Government moved for permission to serve Defendant by publication, which this Court granted on July 3, 2012.

The Government published notice of the lawsuit in *The Fresno Bee* on July 12, 19, and 26, and August 2, 2012. Defendant has neither appeared in this action nor filed opposition to this motion. On August 27, 2012, the Clerk of Court entered the default of Defendant Leroy Combs. The Government moved for default judgment on September 4, 2012.

## II.     Legal Standard for Default Judgment

The Government moves for entry of default judgment pursuant to F.R.Civ.P.55(b)(2), which provides that judgment may be entered:

> (2) By the Court. In all other cases the party entitled to judgment by default shall apply to the Court therefor; but no judgment shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the Court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the Court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

Defendant is not an infant or incompetent person, or in the military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940. Further, "upon default, the well pleaded allegations of the complaint relating to liability are taken as true." *Dundee Cement Co. v. Highway Pipe and Concrete Products*, 722 F.2d 1319, 1323 (7th Cir. 1983). *See also TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987). Thus, "[a]t the time of entry of default, the facts alleged by the plaintiff in the complaint are deemed admitted." 10 J. Moore, *Moore's Federal Practice* § 55.11 (3d ed. 2000).

While the factual allegations of the complaint are taken as true upon default, damages are not. *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977). Where damages are liquidated (i.e., capable of ascertainment from definitive figures contained in the documentary evidence or in detailed affidavits), judgment by default may be entered without a damages hearing. *Dundee Cement*, 722 F.2d at 1323-24; *see also James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). Granting or denying default judgment is within the court's sound discretion. *See Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986) (*citation omitted*). "In applying this

discretionary standard, default judgments are more often granted than denied. *PepsiCo. v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999).

When exercising discretion as to the entry of a default judgment, courts may consider (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

This Court has evaluated the factors listed above and finds that the facts of this case favor its granting default judgment. First, the Government would suffer prejudice if the Court does not enter default judgment since Combs has not participated in this litigation and the Government has no other means of protecting its rights to the amounts due to it under the prior judgment. Second, the substance of the Government's claim was addressed and reduced to judgment in the Tax Court action. Because a significant amount of money is at stake in this action and because the Government has demonstrated that its actions are authorized by law and has proven the amount of damages, the fourth factor has also been satisfied.

Although cases should be decided on the merits when reasonably possible, that preference alone does not preclude the entry of default judgment. *PepsiCo, Inc. v. California Security Cans*, 238 F.Supp.2d 1172, 1177 (C.D.Cal. 2002). Defendant's liability for the unpaid taxes was previously litigated and reduced to judgment. Defendant failed to make any payments toward the amounts assessed against him and has failed to participate in this action. Default judgment is now the only course of action open to the United States and to this Court.

### IV. Reduction of Assessments to Judgment

In this action, the Government seeks to reduce the 1994 assessment against Defendant to judgment.

> In an action to collect tax, the government bears the initial burden of proof. The government, however, may satisfy this initial burden by introducing into evidence its assessment of taxes due. Normally, introduction of the assessment establishes a prima facie case.

*Oliver v. United States*, 921 F.2d 916, 919 (9th Cir. 1990) (*citations omitted*). *See also United States v. Jones*, 33 F.3d 1137, 1139 (9th Cir. 1994) ("Introducing Certificates of Assessments and Payments establishes a prima facie case for the United States.").

Accordingly, the government satisfies its initial burden of proof by introducing Certificates of Assessments, and the burden then shifts to the taxpayer to show that he is not liable for the assessments. *Oliver*, 921 F.2d at 920.

The assessments made against Defendant are reflected on the Certificate of Assessments, Payments, and Other Specified Matters (Forms 4340) submitted by the Government in support of its motion. See Declaration of Internal Revenue Officer Dean Prodromos, appended to the Government's motion for default judgment (Doc. 15) (the "Prodromos Declaration"). The Tax Court judgment and Certificates of Assessment and Notices of Deficiency attached as exhibits A and B to the Prodromos Declaration establish that the tax liabilities were properly assessed against Defendant (26 U.S.C. §§ 6201-6203), and that notices and demands for payment for liabilities were properly sent (26 U.S.C. §§ 6303(a) and 6321). *See, e.g., United States v. Chila*, 871 F.2d 1015, 1017-19 (11th Cir.), *cert. denied*, 493 U.S. 975 (1989). These Certificates of Assessment also conclusively demonstrate that the unpaid balances due on the relevant assessments against Defendant Leroy Combs, with accrued interest, penalties, and other statutory additions as of January 5, 2012, is $1,120,146.61. Defendant has not contested the amount of the assessments or the balances due.

### III. Recommendation

Accordingly, the undersigned **RECOMMENDS** that the United States' motion for the entry of default judgment against Defendant Leroy Combs be granted.

These Findings and Recommendations are submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court, serving a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that

failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   October 30, 2012**                            /s/ Sandra M. Snyder
                                                     UNITED STATES MAGISTRATE JUDGE